UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHARLES R. COOK**<br>    plaintiff | :: | Case No. 2:11CV725 |
| | :: | Judge |
| **vs.** | | |
| | :: | Mag. |
| **NCO FINANCIAL SYSTEMS, INC.**<br>c/o CT Corporation<br>1300 E. 9th St.<br>Cleveland, OH 44114<br>    defendant | :: | |
| | :: | |
| | :: | |

**Complaint Seeking to Impose Individual Liability Under the Fair Debt Collection Practices Act (15 U.S.C.§1692) for Statutory & Actual Damages for Deceptive, Unfair & Unconscionable Debt Collection Practices Attorney Fees & Jury Demand**

### Claim One

### Jurisdiction

1. This is a claim for actual and statutory damages brought by plaintiff, Charles R. Cook **[hereinafter "plaintiff"** for defendant's violation of the Fair Debt Collection Practices Act **[hereinafter referred to as the "Act"]**, 15 U.S.C. §1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unconscionable, abusive and unfair debt collection practices.

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

## **Parties**

3. Plaintiff, Charles R. Cook is a "**consumer**" residing in Athens County, Ohio as defined in the Act at 15 U.S.C. **§**1692a.(3) who the Defendant herein alleged owed a debt either to it or some other creditor which Defendant refused and/or failed to ever identify **[hereinafter referred to as the "debt**].

4. Defendant herein is **NCO Financial Systems, Inc.** [hereinafter referred to as **"Defendant"**], which appears to be a foreign corporation which, upon information and belief, is licensed and incorporated under the laws of Pennsylvania and does business in the state of Ohio and throughout the United States who, at all times relevant hereto, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

5. Defendant uses the United States mails, telephone or other instrumentality of interstate commerce in connection with its debt collection activities.

## **Allegations**

6. On or about June 29, 2011, Ralph Keith, telephoned the Plaintiff's residence in Athens, Ohio and left a telephone message on behalf of the Defendant to return his call at (888) 853-6950, ext. 534.

7. As soon as Plaintiff returned to his home he telephoned Defendant and attempted to have Mr. Keith identify the account Defendant was attempting to collect. Defendant ended the conversation without ever doing this other than to state that it was incurred in January, 2008.  This was Defendant's initial communication with Plaintiff concerning the alleged debt.

8. On or about July 13, 2011, well after 5 days had passed, the Plaintiff instructed counsel to write to Mr. Keith informing him as follows:

**"This may or may not be an account that Mr. Cook previously disputed back in 2009 but from the discussion he had with you there was no way to tell. This is complicated by the fact that since the July 1, 2011 initial communication with you, he has not received a letter informing him of a number of significant pieces of information concerning the account as well as certain rights and obligations he may have. It would be advisable to mail such a letter as soon as possible so that Mr. Cook can learn what account you were attempting to collect and which might enable him to dispute the account if appropriate."**

9. The above was sent to Mr. Keith by facsimile at a number that he provided but nothing was ever sent by Defendant either to Plaintiff or his counsel.

10. The importance of receiving this information is that Plaintiff was previously dunned by this Defendant for an account which sounded quite similar to the one described by Keith in the June 29, 2011 initial communication which Plaintiff disputed and instructed that Defendant cease any further communication by formal certified letter on March 13, 2009.

11. If this was the same account Defendant, in addition to any other violations described herein, violated 15 U.S.C. §1692c.(c ).

12. Without limiting the scope of any violation which may have been committed by Defendant's conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

> (a) by communicating with plaintiff after defendant was notified in writing that the plaintiff wished the defendant collector to cease further communication in violation of 15 U.S.C. §1692c.(c );

(b) by engaging in debt collection activity after being informed by plaintiff that the debt was disputed and without first verifying the debt in violation of 15 U.S. C. §1692g.(b);

(c) by failing to ever inform the plaintiff of his right to dispute the debt in question and/or to demand written verification of the debt and other rights the plaintiff may have had within five days of its initial communication with the plaintiff in violation of 15 U.S.C. §1692g(a);

(d) by engaging in conduct which had the natural consequence of oppressing, harassing or abusing a consumer in connection with the collection of a debt in violation of 15 U.S.C. §1692d.; and,

(e) by generally engaging in conduct through the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e.(10).

13. As a direct and proximate result of defendant's conduct toward plaintiff he suffered emotional distress, anxiety and aggravation and other similar actual damages.

14. As such plaintiff is entitled to actual as well as statutory damages.

## **Prayer for Relief**

Plaintiff prays for the following relief:

(a) for all actual damages which plaintiff can prove;

(b) for all statutory damages to which plaintiff is entitled;

(c) for reasonable attorney fees for all time reasonably expended by plaintiff's counsel in the prosecution of his claims;

(d) for reimbursement for all costs and expenses reasonably incurred in connection with the prosecution of this claim;

(e) for a trial by jury on all appropriate issues; and,

(f) for any and all other relief this Court may deem appropriate.

Respectfully submitted by:

**/s/Steven C. Shane**
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
Shanelaw@fuse.net